# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MONICA MULVEY, | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| EQUIPMENTSHARE.COM INC., d/b/a | : | |
| EQUIPMENT SHARE, | : | |
| | : | MARCH 3, 2026 |
| Defendant. | : | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, EquipmentShare.com Inc ("Defendant"), hereby gives notice that it is timely removing this civil action from the Superior Court for the State of Connecticut, Judicial District of Hartford, to the United States District Court for the District of Connecticut, because Plaintiff's suit involves diversity of citizenship and amount in controversy exceeding $75,000. In support of this Notice of Removal, Defendant states as follows:

### I.  NATURE OF THE CASE

1. Defendant was served with the Summons and Complaint on February 2, 2026. Plaintiff filed the Summons and Complaint on February 13, 2026, bearing Docket No. HHD-CV26-6219455-S. The Summons, Complaint, and Return of Service are attached as Exhibit A and they constitute all of the process, pleadings and orders served upon Defendant in the action.

### II.  REQUIREMENTS FOR REMOVAL

2. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because it is being filed within thirty days after service on the Defendant, which was Defendant's first receipt of the Complaint.

3. This Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(c), because it is being filed less than one year after commencement of the action.

4. The Complaint was filed in the Superior Court for the State of Connecticut, Judicial District of Hartford. Accordingly, venue is proper in the United States District Court for the District of Connecticut.

5. The named Defendant, who is represented by undersigned counsel, consents to removal. There are no other defendants to consent.

6. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed and served to date in the action are attached hereto as Exhibit A.

7. Pursuant to 28 U.S.C. § 1446(d), will promptly give written notice of the filing of this Notice of Removal to all counsel of record and will file true and accurate copy of that notice with the Clerk of the Clerk of the Superior Court for the State of Connecticut, Judicial District of Hartford. A true and accurate copy of the Notice of Filing of the Notice of Removal is attached hereto as Exhibit B.

### III. STATUTORY BASIS FOR FEDERAL JURISDICTION

8. Removal of this action is proper under 28 U.S.C. § 1441. The Court has federal law jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as it is a civil action between citizens of a different state.

9. Plaintiff is domiciled in Connecticut, residing in the City of Hartford. Exhibit A, Complaint, ¶1.

10. Defendant is a corporation incorporated in the State of Texas and has its principal place of business in the State of Missouri. Exhibit A, Complaint, ¶2.

11. Further, removal of this action is proper under 28 U.S.C. § 1441 as the Court has federal law jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum or value of $75,000. Specifically, Plaintiff alleges in the Complaint that she has sustained "lost wages" and "other consequential damages." See Exhibit A, Complaint, ¶31.

10. Pursuant to and C. G. S. § 52-91, the Complaint shall include that: When money damages are sought in the demand for relief, the demand for relief shall set forth: (1) That the amount, legal interest or property in demand is fifteen thousand dollars or more, exclusive of interest and costs; or (2) that the amount, legal interest or property in demand is two thousand five hundred dollars or more but is less than fifteen thousand dollars, exclusive of interest and costs; or (3) that the amount, legal interest or property in demand is less than two thousand five hundred dollars, exclusive of interest and costs.

*See also*, Conn. Practice Book Sec. 10-20. Accordingly, the State practice does not require a demand for a specific sum in the Complaint and permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1441(c)(2).

11. In removing this action, Defendant does not intend to waive any rights or defenses to which it is otherwise entitled.

### IV.  PRAYER FOR RELIEF

12. Because of the diversity of citizenship and amount in controversy, Defendant respectfully requests that this Court assume jurisdiction over this action and proceed with its handling as if it had been filed in the United States District Court for the District of Connecticut.

KAUFMAN DOLOWICH, LLP

By:  /s/ *Stacey L. Pitcher*
Stacey L. Pitcher, Esq.
*Attorneys for Defendant*
195 Church Street, 4th Floor
New Haven, CT 06510
stacey.pitcher@kaufmandolowich.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 3, 2026 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of his filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                           */s/ Stacey L. Pitcher*
                                            Stacey L. Pitcher, Esq.

4935-7269-8771, v. 1