# EXHIBIT A

# SUMMONS - CIVIL

JD-CV-1  Rev. 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| | For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ | STATE OF CONNECTICUT JUDICIAL BRANCH **SUPERIOR COURT** www.jud.ct.gov |
|---|---|---|

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [x] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

## TO: Any proper officer

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| **95 Washington Street, Hartford, CT 06106** | **( 860 ) 548 − 2700** | **FEB. 24, 2026** |

| | | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| [x] Judicial District | G.A. | **Hartford** | Major: **M** | Minor: **90** |
| [ ] Housing Session | [ ] Number: | | | |

## For the plaintiff(s) enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| **CICCHIELLO & CICCHIELLO, LLP, 364 FRANKLIN AVE, HARTFORD, CT 06114** | **419987** |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| **( 860 ) 296 − 3457** | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13)   [x] Yes  [ ] No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book
**CROSS@CICCHIELLOESQ.COM**

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| **First plaintiff** | Name: **MULVEY, MONICA**<br>Address: **c/o CICCHIELLO & CICCHIELLO LLP, 364 FRANKLIN AVE, HARTFORD CT 06114** | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: **EQUIPMENTSHARE.COM INC**<br>Address: **c/o Agent: CT CORPORATION SYSTEM, 357 EAST CENTER STREET, STE. 2J MANCHESTER CT 06040** | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | [x] Commissioner of Superior Court<br>[ ] _____ Clerk | Name of person signing<br>**Carli J. Ross** |
|---|---|---|---|
| **1/23/2026** | | | |

If this summons is signed by a Clerk:

a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

**For Court Use Only**

File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

| Print Form | Page 1 of 2 | Reset Form |
|---|---|---|

## Instructions

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

   Do <u>not</u> use this summons for the following actions:

   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

## Case Type Codes

| MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 70 | Dissolution of Lien Upon Substitution of Bond |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | P 90 | All other |
| | C 60 | Uniform Limited Liability Company Act - C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| Housing | H 00 | Housing - Summary Process | | T 30 | Malpractice - All other |
| | H 03 | Housing - Deceased Tenants - Summary Process | | T 40 | Assault and Battery |
| | H 10 | Housing - Return of Security Deposit | | T 50 | Defamation |
| | H 12 | Housing - Rent and/or Damages | | T 61 | Animals - Dog |
| | H 20 | Housing - Housing Code Enforcement | | T 69 | Animals - Other |
| | H 30 | Housing - Entry and Detainer | | T 70 | False Arrest |
| | H 40 | Housing - Audita Querela/Injunction | | T 71 | Fire Damage |
| | H 50 | Housing - Administrative Appeal | | T 90 | All other |
| | H 60 | Housing - Municipal Enforcement | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | H 70 | Housing - Bed Bug Infestation | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | H 87 | Housing - Denied Fee Waiver Appeal | | V 05 | Motor Vehicles* - Property Damage only |
| | H 90 | Housing - All Other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Miscellaneous | M 00 | Injunction | | V 09 | Motor Vehicle* - All other |
| | M 10 | Receivership | | V 10 | Boats |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 20 | Airplanes |
| | M 20 | Mandamus | | V 30 | Railroads |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 40 | Snowmobiles |
| | M 40 | Arbitration | | V 90 | All other |
| | M 50 | Declaratory Judgment | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 63 | Bar Discipline | | | |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | Wills, Estates and Trusts | W 00 | Probate Appeals |
| | M 68 | Bar Discipline - Inactive Status | | W 10 | Construction of Wills and Trusts |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | W 90 | All other |
| | M 75 | Foreign Subpoena - C.G.S. 52-657 | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | | | |
| | M 84 | Foreign Protective Order | | | |
| | M 85 | Civil Protection Order | | | |
| | M 87 | Denied Fee Waiver Appeal | | | |
| | M 88 | Application for Pro Hac Vice for State or Municipal Agency/Board | | | |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

Print Form    Page 2 of 2    Reset Form

RETURN DATE:  FEBRUARY 24, 2026        :        SUPERIOR COURT

                                          :

MONICA MULVEY        :        J.D. OF HARTFORD

                                          :

VS.        :        AT HARTFORD

                                          :

EQUIPMENTSHARE.COM INC., d/b/a
EQUIPMENT SHARE        :        JANUARY 23, 2026

## COMPLAINT

**FIRST COUNT:**        **Interference in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

1.  Plaintiff, Monica Mulvey ("Plaintiff"), was at all times set forth herein, and remains, a resident of the City of Hartford in the State of Connecticut.

2.  Defendant, EquipmentShare.com Inc. d/b/a EquipmentShare ("Defendant"), is a foreign corporation organized under the laws of the State of Texas, with a business address of 5710 Bull Run Dr., Columbia, MO 65201.

3.  Defendant operates a construction, mining, and forestry machinery and equipment rental and leasing company.

4.  Plaintiff commenced employment with Defendant's company on or about October 1, 2024, as a Parts Assistant.

5.  At all relevant times Plaintiff's direct supervisors were General Manager, Steven Miller ("Miller"), and Manager, Pedro Rojas ("Rojas").

6.  Miller's employment with Defendant company commenced in or about August of 2025. Prior to Miller's hire, Plaintiff had not received any disciplinary write-ups, nor did she have issues in the workplace.

1

7. Nonethless, upon Miller's hire, he began to micromanage Plaintiff. By way of example, without limitation:

   a. Miller would ask Plaintiff to order a part and then expect it to be delivered almost immediately – demanding a turnaround time that was unreasonable and beyond Plaintiff's control.

   b. Moreover, when the parts were not delivered immediately, Miller blamed Plaintiff for "customer dissatisfaction," even though she ordered the part when instructed.

8. Similarly, Miller made degrading comments towards Plaintiff, including but not limited to:

   a. On one occasion, Miller called Plaintiff a "baby," providing that he did not want to "deal with her crying like a baby" and that she needed to "just build the parts."

   b. On another occasion, Miller stated that he was "the captain of the ship, and [Plaintiff] need to listen to [him]."

9. During Plaintiff's employment with Respondent, she was one of two females working for the company.

10. Plaintiff is biracial (Jamaican and White), whereas, the other female, Mallory (last name unrecalled, hereinafter "Mallory"), is White.

11. Mallory and Plaintiff started within the same month, and the individuals have similar experience levels.

12. Nonetheless, Miller favors Mallory. By way of example, without limitation:

    a. Miller consistently ordered new gear and apparel for Mallory far more frequently than he did for Plaintiff.

2

b. He allowed Mallory to bring her dog to work and only allowed Plaintiff to bring her dog on the condition that it is was not a "distraction or bother to [Mallory's] dog."

13. In or about September of 2025, Plaintiff was hospitalized for one (1) week due to a gastrointestinal issue.

14. During her absence Plaintiff submitted medical notes to Miller.

15. Upon her return-to-work Plaintiff informed Miller that she would need to attend future Doctor's appointments due to her medical condition.

16. Plaintiff utilized her paid time off during her absence and was not informed of FMLA.

17. Upon scheduling a follow-up appointment, Plaintiff informed Miller that she would need to leave work early on October 23, 2025.

18. In response, Miller said "ok."

19. On or about October 23, 2025, Plaintiff texted Miller to remind him that she would need to leave at 10:00 am to attend a doctor's appointment.

20. In response, Miller reacted to the message with a "thumbs up."

21. Shortly thereafter, Miller called client into his office and terminated her on the purported basis that she was "stealing company time."

22. Two weeks prior to this, Plaintiff and two (2) other employees were called into Miller's office for a meeting in which Miller instructed that they needed to wait until they were in the building before clocking in.

23. Previously, client had clocked in when she pulled up to the building.

24. Upon Miller's instruction, Plaintiff began clocking in when entering the building.

3

25. Subsequently, Miller did not revisit this so-called "issue" until Plaintiff needed to leave early to attend a doctor's appointment. This demonstrates that the issue was merely a pretext to justify terminating the Plaintiff on account of her medical condition.

26. At all times set forth herein, Plaintiff was an "eligible employee" for medical leave under the Connecticut FMLA within the meaning of Conn. Gen. Stat. § 31-51kk.

27. At all times set forth herein, Defendant was an "employer" within the meaning of Conn. Gen. Stat. § 31-51kk.

28. Plaintiff's medical condition, as set out herein above, constituted a "serious health condition" within the meaning of Conn. Gen. Stat. § 31-51kk.

29. Pursuant to Conn. Gen. Stat. § 31-51ll, as an eligible employee, Plaintiff was "entitled to a total of twelve workweeks of leave in order to care for a family member of the employee, if such family member has a serious health condition."

30. Defendant, through the foregoing conduct, interfered with, restrained, and/or denied Plaintiff's right to leave under the Connecticut FMLA, in violation of Conn. Gen. Stat. § 31-51pp(a)(1).

31. As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

**SECOND COUNT**: **Retaliation in Violation of the Connecticut Family and Medical Leave Act – Conn. Gen. Stat. § 31-51pp**

1.    The Plaintiff repeats and re-alleges Paragraphs 1 through 25 of the First Count as Paragraphs 1 through 28 of this Second Count, as if fully set forth herein.

29.    The Plaintiff, through the foregoing conduct, engaged in protected activity pursuant to Conn. Gen. Stat. §§ 31-51kk through 31-51qq, inclusive.

4

30.    Defendant terminated Plaintiff's employment motivated by his having engaged in the foregoing protected activity, in violation of C.G.S. § 31-51pp, which provides, in pertinent part, "It shall be a violation…for any employer to discharge or cause to be discharged, or in any other manner discriminate, against any individual… because such employee has exercised the rights afforded to such employee [pursuant to C.G.S. § 31-51kk et seq.]."

31.    As a result of the foregoing conduct of the Defendant, Plaintiff was caused to suffer lost wages and other consequential damages.

THE PLAINTIFF
MONICA MULVEY

By: _____
Matthew D. Paradisi, Esq.
Carli J. Ross, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: cross@cicchielloesq.com
mparadisi@cicchielloesq.com

5

RETURN DATE:  FEBRUARY 24, 2026         :         SUPERIOR COURT

                                                             :

MONICA MULVEY                           :         J.D. OF HARTFORD

                                                             :

VS.                                     :         AT HARTFORD

                                                             :

EQUIPMENTSHARE.COM INC., d/b/a
EQUIPMENT SHARE                         :         JANUARY 23, 2026

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays for the following relief:

1.      Monetary damages;

2.      Front pay or reinstatement;

3.      Punitive damages;

4.      Reasonable attorneys fee and costs; and

5.      Such other relief as is allowable by law.

THE PLAINTIFF
MONICA MULVEY

By: _____
Matthew D. Paradisi, Esq.
Carli J. Ross, Esq.
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: cross@cicchielloesq.com
mparadisi@cicchielloesq.com

6

RETURN DATE:  FEBRUARY 24, 2026 :   SUPERIOR COURT

            :

MONICA MULVEY      :    J.D. OF HARTFORD

            :

VS.            :    AT HARTFORD

            :

EQUIPMENTSHARE.COM INC., d/b/a
EQUIPMENT SHARE     :    JANUARY 23, 2026

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims the amount in demand in excess of $15,000.00 exclusive of interest and costs.

          THE PLAINTIFF
          MONICA MULVEY

          By: _____
          Matthew D. Paradisi, Esq.
          Carli J. Ross, Esq.
          CICCHIELLO & CICCHIELLO, LLP
          364 Franklin Avenue
          Hartford, CT 06114
          Tel: (860) 296-3457
          Fax: (860) 296-0676
          Juris No.:  419987
          Email: cross@cicchielloesq.com
          mparadisi@cicchielloesq.com

STATE OF CONNECTICUT:

                    : ss: MANCHESTER     FEBRUARY 2, 2026

COUNTY OF HARTFORD  :

      Then and by virtue hereof, and by direction of the Attorney, I left a verified true and attested copy of the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF AND STATEMENT OF AMOUNT IN DEMAND, with and in the hands of MARISSA TITUS, MANAGING DIRECTOR OF CT CORPORATION SYSTEM, 357 EAST CENTER ST, SUITE 2J, AGENT FOR SERVICE for the within named defendant **EQUIPMENTSHARE.COM, INC,** in the said town of MANCHESTER, County of Hartford.

      The within is the original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF AND STATEMNT OF AMOUNT IN DEMAND, with my doings thereon endorsed.

                                  ATTEST:

| | |
|---|---|
| Verified pages | $ 9.00 |
| Endorsements | 2.50 |
| Service | 50.00 |
| Travel | 18.48 |
| | ----------- |
| Total | $ 79.98 |

                                   ------------------------------------

                                   WILLIAM DREW, JR.

                                   CT STATE MARSHAL

                                   HARTFORD COUNTY